RECEIVED
IN ALEXANDRIA, LA

SEP 2 3 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ARNOLD P. MCCALLON, JR. (DOC #363764) | DOCKET NO. 09-CV-468; SEC. P |
|---|---|
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| 12TH JUDICIAL DISTRICT, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed on March 23, 2009, *in forma pauperis,* by pro se Plaintiff Arnold P. McCallon, Jr. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at the Concordia Parish Correctional Facility. Plaintiff seeks compensatory damages because he is allegedly serving an illegal or unconstitutional sentence.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Factual Allegations

Plaintiff complains that he was "allegedly sentenced" to a term of fifteen years on March 27, 2001 in the 12th Judicial District Court for the Parish of Avoyelles. Plaintiff alleges that his sentence is illegal because he has been unable to obtain documentation of his conviction and sentence. Plaintiff asked the records department at Dixon Correctional for his paperwork regarding his conviction or sentence, and they sent papers

regarding a prior conviction. Thus, Plaintiff concludes his current incarceration is illegal.

**Law & Analysis**

1. Screening

Title 28 U.S.C. §1915, applies to prisoners proceeding in forma pauperis. Section 1915(e)(2), provides that "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). In an action proceeding under Section 1915(d), the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer. Id. Here, the Court has permitted the Plaintiff to proceed in forma pauperis in this action, thus his Complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2).

2

2. <u>Heck v. Humphrey</u>

In the United States Supreme Court case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed whether a claim for monetary damages that essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (footnotes omitted); <u>see also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994).

Plaintiff has failed to allege or demonstrate that his conviction or sentence have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Id.</u> at 496. Therefore, if the Court was to find in

3

Plaintiff's favor and determine that his current criminal sentence of imprisonment violates his constitutional rights, it would necessarily imply the invalidity of his current conviction, sentence, and imprisonment. Plaintiff's claims are barred by Heck v. Humphrey, and his complaint should be dismissed until the conditions set forth in Heck v. Humphrey are met.

**Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED and DISMISSED WITH PREJUDICE[1] pursuant to 28 U.S.C. §1915(e)(2)(b)(ii); the claims can be reasserted when the Heck conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

---

[1] Claims barred by Heck are properly dismissed with prejudice "until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir.1996).

4

factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 23 day of September, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE